HILTON HOTELS INTERNATIONAL, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, EMILIO S. BELAVAL, JUDGE, Respondent; ELÍ TOLLINCHI PÉREZ, Intervener.

No. 1972.   Argued November 1, 1954.—Decided December 27, 1954.

*McConnell & Valdés* and *Elmer Toro Luchetti* for petitioner. *Joaquín Gallart Mendía* and *Domingo Candelario,* Counsel for Department of Labor and in turn for intervener.

PER CURIAM.

Elí Tollinchi Pérez filed a claim for wages against the Hilton Hotels International, Inc. in the former Municipal Court of Puerto Rico, San Juan Section. After the complaint was answered, the case was tried and the court rendered judgment against respondent. An appeal was taken to the former District Court of Puerto Rico, San Juan Section, and the case was heard *de novo* and submitted on a stipulation which in its pertinent part reads as follows:

"1. That from February 1, 1950, until March 12, 1950, petitioner worked for respondent as a timekeeper with a monthly salary of $120, that is, at a weekly rate of $27.65.

"2. That during the period mentioned in the preceding paragraph petitioner worked four seventh days, having worked eight hours during each one of the seven days of the weeks included in that period, and received as compensation, in addition to his regular weekly salary, a payment of $3.95 for each one of those seventh days.

"3. From March 12, 1950, until June 15, 1950, petitioner worked for respondent as timekeeper for a monthly salary of $88.00, that is, at a weekly rate of $20.30.

"4. During the period mentioned in the preceding paragraph 3, petitioner worked 11 and 3/4 seventh days having worked eight hours during each one of the 7 days of the weeks included in that period, with the exception of a seventh day during which he worked six hours, and received as compensation, in addition to his regular weekly salary, a payment of $2.90 for each one of those seventh days.

"5. From June 15, 1950, until November 12, 1950, when petitioner ceased his employment with respondent, petitioner worked for respondent as timekeeper, for a monthly salary of $91.74, that is, at a weekly rate of $21.33.

"6. During this last period petitioner worked for respondent 18 seventh days having worked eight hours in each one of the 7 days of the weeks included in said period, and received as compensation in addition to his regular weekly wage, a payment of $3.05 for each one of those seventh days.

"7. From July 8, 1950, until November 12, 1950, when petitioner ceased in his employment with respondent, he was subject, as a member of the Union of Employees of Hotels, Bars, and Restaurants of Puerto Rico, to a collective agreement held between said Union and respondent, of which the following paragraphs are pertinent to this case:

"ARTICLE IV

"Working Hours and Extra Hours

"(a) The regular working time shall consist of a working day of eight (8) hours and the working week shall consist of forty-eight (48) hours, excluding in both cases the time spent for meals. A working week shall consist of seven (7) consecutive days. Extra payment shall accrue for any work done in

excess of eight (8) hours during any period of twenty-four (24) consecutive hours, or in excess of forty eight (48) hours in any working week, or during holiday(s) of the employee, or during the day of rest of the employee and the Hotel shall pay to the employee for that work at a rate equal to twice the regular rate per hour."

". . . . . . . . .

"ARTICLE V

"(a) Every employee covered by this agreement shall have a right to a day of rest with full pay, after he has worked during six consecutive days in a regular working week, that is, during a working week of seven days. It is understood, however, that the payment for the employee's day of rest is already included in his regular weekly wage, and it shall have been paid upon payment of the employee's regular weekly salary.

"(b) In case an employee is required to work on his weekly day of rest, he shall be paid twice the regular rate for said work."

The former District Court once more rendered judgment against respondent and ordered it to pay petitioner the sum of $104.78 which was the amount of the difference in wages owed by the former to the latter, plus an equal amount as an additional penalty. See § 25 of Act No. 8 of 1941 as amended by Act No. 451 of 1947 (Sess. Laws, p. 950). That judgment is well grounded and, after copying the part of the stipulation already quoted above, it is stated therein as follows:

"Petitioner's position is the following: that every employee of a business covered by the Mandatory Decree No. 6 has a right to rest one day for every six consecutive days of work; if the employee does not work the seventh day he will not have a right to receive additional payment for the day of rest, but it shall be understood that he was paid when he received the salary corresponding to the six previous days; however, when the employer causes or permits the employee to work on the seventh day, then the employer is bound to pay an additional wage of not less than double the wage rate he was receiving.

"Respondent's position is that having contracted for the services of petitioner for a week of seven days of eight hours

each, in order to calculate the corresponding daily wage, the weekly salary is divided into seven parts . . . and that respondent having paid petitioner for the seventh days worked, an additional compensation of not less than one-seventh of the weekly salary, which sum added to the payment for the seventh day which was not worked . . . is equivalent to double the wage rate that he was receiving and therefore he should not receive further compensation. In other words, for the seventh days worked, respondent believes that petitioner should only be paid a compensation equivalent to one-seventh of the regular wage rate that he is receiving, since the other seventh was included in the payment of his regular wage.

"Mandatory Decree No. 6 of the Minimum Wage Board of Puerto Rico Fixing Minimum Wages, Maximum Working Hours and Labor Conditions in the business of Hotels, Restaurants, Bars and Soda Fountains, in effect after it was amended on April 14, 1945, contains a special paragraph which provides that 'every employee who works more than forty eight hours during one week, . . . or more than eight in one day, shall have a right to compensation, for his work in excess of those maximum weekly or daily hours, at a rate of not less than twice the wage rate he is receiving.'

"Subdivision F of the same Decree provides that 'every permanent employee shall be entitled to one day of rest for every six consecutive days he works, and his wage for that day is included and regarded as paid upon receiving, for the preceding six days of work, an amount not less than the minimum wage established by the present Decree; *whenever he is caused or allowed to work on his day of rest, notwithstanding this provision, the hours worked by him shall be paid at a rate of not less than twice the wage rate he is receiving.'*

". . . . . . . . .

"Subdivision F begins by fixing forty eight hours as the maximum weekly hours of work, that is, six days of eight hours and establishes double pay if the employee works in excess *of those maximum weekly hours*. Subdivision F establishes a day of rest for each day after six consecutive days of work. The provision that the day of rest is included within the salary which the employee receives when he does not work on the day of rest, is simply a counterproposition to establish double pay when he works on the day of rest. This is so obvious that it does not merit much consideration. Just as the

employer can not discount from the weekly salary, or the employee claim in addition to the weekly salary, when he does not work on the day of rest, the employer is bound to compensate and the employee has a right to receive double pay when he works on the day of rest. The employer cannot very well allege, if his employee works on the seventh day, that he has already paid him at the regular rate part of the value of the services which he has rendered, when the law forbids him to deduct from the weekly salary any amount when the employee does not work on said seventh day.

". . . It is clear to us that the compensation which is established by subdivision F of Mandatory Decree No. 6 . . . means that irrespective of any weekly compensation that the employee receives for maximum weekly hours, as the Decree recites . . . if the employer permits or causes the employee to work during the day of rest he has to pay him for those extra hours twice the wage rate and can not use any part of the wage that he pays for maximum weekly hours or his regular hours, to compensate the double rate that he should pay when his employee works during the day of rest, that is, the day after six consecutive days of work." (First italics ours).

At respondent's request we issued a writ of certiorari.

We are entirely in agreement with the conclusions of the lower court. The context of the Decree is absolutely clear. As it has been seen, in brief, it is to the effect that every employee is entitled to one day of rest for every six consecutive days of work; that the wage for that day of rest is included within the salary of the six former days; and that whenever he is caused or allowed to work during the day of rest, he shall be paid for those hours of work "at a rate not less than twice the wage rate he is receiving." The gist of the question here involved is the scope that should be given to the words that we have just quoted. To us this scope is absolutely clear.

According to the wording of the Decree the workman works during six days and rests one, but his weekly wage is paid for seven days. And so, there is not the slightest doubt that it is necessary to divide by seven the weekly

salary paid to the workmen to determine how much should be paid for his day of rest, if the latter works during that day. Now, once the wage corresponding to the seventh day is determined, if the workman works on his day of rest, should he be paid only an *additional* sum *equal* to the one received by him for that day? Of course not. That would not be in accordance with the literal meaning nor with the spirit of the Decree. The wording of the Decree is to the effect that if the workman works on his day of rest he shall be paid not less than twice the wage rate *that he is receiving*. This means that if for the day of rest he is receiving a wage of, let us say, $5.00, if he works that day, he should be paid not less than twice such $5.00, that is, not less than $10.00 more. If the purpose of the Decree had been to pay him an additional sum equal to the wage that the workman is receiving for the day of rest, it would have been easy to say so. Besides being unfair, as we shall see, the Decree does not say such a thing.

The following example will show us how very correct the former assertions are: let us suppose that a workman in the hotel business receives a weekly salary of $28.00. According to the Decree, those $28.00 shall be paid for seven days, six of which are working days and one a day of rest. That is equivalent to a daily wage of $4.00. However, it is clear that although that salary is paid for a week of seven days, as a matter of fact the workman has only worked six days. Consequently, for every day that he has worked he has earned —mathematically speaking and on the basis of $28.00 a week —a wage of 4.66 ⅔ per day (that is $28.00 divided by 6). If upon working the day of rest the workman is paid, as petitioner contends, only an additional amount equivalent to the *regular rate* received by him for the seventh day, the result would be that working on the day of rest, as a matter of fact, the workman would be receiving less ($4.00) than if he worked a regular day, which, as we have seen in the

illustration given, would be $4.66 ⅔. Thus if petitioner's premise is accepted, the final result would be—in the preceding example—that for each one of the first six days the workman would be receiving as pay the amount of $4.66 ⅔, while for sacrificing his day of rest he would only be receiving $4.00. This is illogical. This, of course, was not the purpose of the Decree. Its words are decisive to the effect that the workman who works on his day of rest shall be paid as an additional wage not less than double the wage rate which he is actually receiving. This is what the lower court decided.

The collective agreement which appears in the stipulation filed by the parties leads us to a similar conclusion.

The writ issued will be quashed.

Mr. Justice Belaval did not participate herein.